## HUNT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   November 28, 1906.)

CARRIERS—STREET RAILROADS—TRANSFERS—CONTINUOUS TRIP.

    One who, taking a street car to go home, while in conversation with a friend, is taken beyond the point at which he would have transferred by the usual route to reach his home, and, seeking to reach his home by transferring from line to line, is finally refused a transfer, is not making a "continuous trip," within Railroad Law, Laws 1892, p. 1406, c. 676, § 104, requiring a street railway company "to carry between any two points * * * any passenger desiring to make one continuous trip between such points for one fare," so that he may not recover the penalty for refusal of a transfer.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Bartholomew Hunt against the Brooklyn Heights Railroad Company.   From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles H. Herdt, for appellant.

Charles A. Collin, for respondent.

HOOKER, J.   The plaintiff, having been refused a transfer, brought this action, claiming to recover a penalty of $50 provided by section 104 of the railroad law (Laws 1892, c. 676, p. 1406), was defeated, and appeals.   He left his office, on the day he met the refusal, intending to go to his home, and, being invited by a friend, took a car, and, visiting with his friend, rode beyond the point where he would have transferred by the usual route to reach his home, and kept on riding away from his ultimate destination.   Having finished his visit, he sought to reach his home by transferring from line to line, but was finally refused a transfer, and now accounts himself aggrieved by what he alleges was defendant's violation of the provisions of section 104 of the railroad law.   By that section the street railway company is required "to carry between any two points * * * any passenger desiring to make one continuous trip between such points for one single fare."   The plaintiff's trip was not continuous as the term is used in this section.   He was making two trips—the first to last as long as his visit with his friend was incomplete; the second to reach home from the point where his visit ended.

The judgment should be affirmed, with costs.   All concur.